UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANILLE LEE LILLEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-08886 |
| PROG LEASING, LLC d/b/a PROGRESSIVE LEASING, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DANILLE LEE LILLEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROG LEASING, LLC d/b/a PROGRESSIVE LEASING, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant contacts in the Northern District of Illinois.

### PARTIES

4. Plaintiff is a 22 year-old natural "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is a financing company whose "mission is to provide convenient access to simple and affordable purchase options for credit challenged consumers."[1] Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 256 West Data Drive, Draper, Utah.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately August 2015, Plaintiff began receiving calls to her cellular phone, (313) XXX-7963 from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7963. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant mainly called Plaintiff's cellular phone using the phone number (816) 410-9261, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone number ending in 9261 is regularly utilized by Defendant during its debt collection activities.

12. Upon answering calls from Defendant, Plaintiff experienced a noticeable pause, lasting several seconds in length, before being connected with a live agent.

---

[1] https://progleasing.com/company/about-us/

13. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding balance owed by an individual who is not Plaintiff and with whom Plaintiff is unfamiliar.

14. Plaintiff informed Defendant that it was contacting the wrong party and demanded that it stop calling.

15. Despite informing Defendant that it was calling the wrong person and demanding that it cease contacting her, Defendant continued to regularly call Plaintiff's cellular phone until 2016.

16. Plaintiff has received not less than 30 phone calls from Defendant, seeking to collect upon an unknown individual.

17. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

18. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $49.00 to purchase and maintain an application subscription on her cellular phone to quell the calls, resulting in pecuniary loss.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the relentless calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

23. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

24. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff has never had any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party with whom Plaintiff has no familiarity. As such, she could not have given Defendant consent to contact her. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, she explicitly revoked any consent by her demands that Defendant cease contact.

25. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was

calling the wrong party yet it continued its attempts to harass Plaintiff into making payment on a loan for which she had no underlying obligation.

WHEREFORE, Plaintiff, DANILLE LEE LILLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 11, 2017                                         Respectfully submitted,

s/ Nathan C. Volheim                                             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                            Counsel for Plaintiff
Admitted in the Northern District of Illinois                    Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                          Lombard, Illinois 60148
(630) 568-3056 (phone)                                           (630) 581-5858 (phone)
(630) 575-8188 (fax)                                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                         thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com